FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ ....5 ....

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CATHERINE RIASCOS-HURTADO and
GLADYS SANCHEZ-LOQUI,

                    Plaintiffs,

-against-

THEODORE RAINES and
UNITED STATES OF AMERICA,

                    Defendants.
------------------------------------------------------------X

**09-0003**

COMPLAINT AND
JURY TRIAL DEMAND

SIFTON

GOLD, M.J.

Plaintiffs, CATHERINE RIASCOS-HURTADO and GLADYS SANCHEZ-LOQUI, by their attorney, ALAN D. LEVINE, ESQ., as and for their complaint herein, respectfully allege as follows:

**JURISDICTION**

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 28 U.S.C. §§ 2671, et seq. and the eighth amendment to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1346.

4. On or about January 14, 2008, which date was within two years from the date that plaintiff CATHERINE RIASCOS-HURTADO's within cause of action pursuant to the Federal Tort Claims Act accrued, she presented to the Federal Bureau of Prisons of the United States Department of Justice a claim for money damages arising out of the incidents and injuries alleged herein.

5. On or about July 15, 2008, plaintiff RIASCOS-HURTADO's claim was denied by the Federal Bureau of Prisons of the United States Department of Justice.

6. This action is commenced within six months of the date of the denial of plaintiff RIASCOS-HURTADO's claim.

7. On or about February 4, 2008, which date was within two years from the date that plaintiff GLADYS SANCHEZ-LOQUI's within cause of action pursuant to the Federal Tort Claims Act accrued, she presented to the Federal Bureau of Prisons of the United States Department of Justice a claim for money damages arising out of the incidents and injuries alleged herein.

8. On or about August 4, 2008, plaintiff SANCHEZ-LOQUI'S claim was denied by the Federal Bureau of Prisons of the United States Department of Justice.

9. This action is commenced within six months of the date of the denial of plaintiff SANCHEZ-LOQUI's claim.

10. Upon information and belief each plaintiff timely filed a Request for Administrative Remedy with the Warden of the Metropolitan Detention Center located in Brooklyn, New York.

## VENUE

11. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

12. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

13. At all times relevant hereto, plaintiff CATHERINE RIASCOS-HURTADO (hereinafter "RIASCOS") was and is a natural person and was an inmate incarcerated in the Metropolitan Detention Center, which is located at 80 29th Street, Brooklyn, Kings County, New York.

14. At all times relevant hereto, plaintiff GLADYS SANCHEZ-LOQUI (hereinafter "SANCHEZ") was and is a natural person and was an inmate incarcerated in the Metropolitan Detention Center, which is located at 80 29th Street, Brooklyn, Kings County, New York.

15. At all times relevant hereto, defendant THEODORE RAINES (hereinafter "RAINES") was and is a natural person employed as a Counselor by the Federal Bureau of Prisons of the United States Department of Justice and was assigned to the Metropolitan Detention Center, which is located at 80 29th Street, Brooklyn, Kings County, New York.

16. At all times relevant hereto, the United States Department of Justice was and is a federal agency pursuant to 28 § 2671.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF RIASCOS AGAINST DEFENDANT RAINES
(Eighth Amendment)

17. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. At all times relevant hereto, defendant RAINES was a Counselor assigned to plaintiff RIASCOS's unit.

19. On or about September 16, 2007, between approximately 9:00 and 10:00 A.M., and on or about October 6, 2007, between approximately 9:00 and 10:00 A.M., in the unit team office located on the second floor of the Metropolitan Detention Center, defendant RAINES forcibly raped plaintiff RIASCOS.

20. Defendant RAINES violated plaintiff RIASCOS's right to be free from the infliction of cruel and unusual punishments, guaranteed to her by the eighth amendment to the Constitution of the United States, in that, while he was employed as a Counselor in the unit in which she was incarcerated, he forcibly raped her.

21. By reason of the aforesaid acts committed against plaintiff RIASCOS by defendant RAINES, plaintiff RIASCOS was physically injured, suffered intense mental anguish and distress and was thereby permanently injured.

22. By reason of the unconstitutional and illegal actions taken against plaintiff RIASCOS by defendant RAINES, plaintiff RIASCOS has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages from defendant RAINES.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF SANCHEZ <u>AGAINST DEFENDANT RAINES</u>
(Eighth Amendment)

23. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "22" hereinabove as if more fully set forth at length herein.

24. At all times relevant hereto, plaintiff SANCHEZ was an inmate in the same unit as was inmate RIASCOS.

25. On several occasions in July of 2007, defendant RAINES came to plaintiff SANCHEZ's bed early in the morning and awakened her by touching her breasts.

26. The aforementioned acts were done without the consent of plaintiff SANCHEZ.

27. Between August 2007 and October 2007, on three separate occasions, defendant RAINES trapped plaintiff SANCHEZ in the aforementioned unit team office and forcibly inserted one of his fingers into her vagina while he grabbed her shirt and held her in such a manner that she could not escape from him.

28. Defendant RAINES violated plaintiff SANCHEZ's right to be free from the infliction of cruel and unusual punishments, guaranteed to her by the eighth amendment to the Constitution of the United States, in that, while he was employed as a Counselor in the unit in which she was incarcerated, he forcibly abused her sexually.

29. By reason of the aforesaid acts committed against plaintiff SANCHEZ by defendant RAINES, plaintiff SANCHEZ was physically injured, suffered intense mental anguish and distress and was thereby permanently injured.

30. By reason of the unconstitutional and illegal actions taken against plaintiff SANCHEZ by defendant RAINES, plaintiff SANCHEZ has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages from defendant RAINES.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RIASCOS
## <u>AGAINST DEFENDANT UNITED STATES OF AMERICA</u>
### (Negligence)

31.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30" hereinabove as if more fully set forth at length herein.

32.  On or about September 16, 2007, between approximately 9:00 and 10:00 A.M., and on October 6, 2007, between approximately 9:00 and 10:00 A.M., in the unit team office located on the second floor of the Metropolitan Detention Center, defendant RAINES forcibly raped plaintiff RIASCOS.

33.  The aforementioned acts committed against plaintiff RIASCOS by defendant RAINES were a direct result of the negligence, carelessness and recklessness of defendant UNITED STATES, its agents, servants and employees, in failing to meet its duty of care to plaintiff RIASCOS in its screening, hiring, training, supervising, evaluating and retaining of defendant RAINES.

34.  Solely as a result of the aforementioned recklessness, negligence and carelessness of defendant UNITED STATES OF AMERICA, its agents, servants and employees, as aforesaid, plaintiff was physically injured, suffered intense mental anguish and distress and was thereby permanently injured.

35.  By reason of the aforementioned negligence, recklessness and carelessness of defendant UNITED STATES OF AMERICA, and through no culpable

conduct of her own, plaintiff RIASCOS has been damaged in the amount of One Million ($1,000,000.00) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SANCHEZ AGAINST DEFENDANT UNITED STATES OF AMERICA
(Negligence)

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35" hereinabove as if more fully set forth at length herein.

37. On several occasions in July of 2007, defendant RAINES came to plaintiff SANCHEZ's bed early in the morning and awakened her by her touching her breasts.

38. The aforementioned acts were done without the consent of plaintiff SANCHEZ.

39. Between August 2007 and October 2007, on three separate occasions, defendant RAINES trapped plaintiff SANCHEZ in the aforementioned unit team office and forcibly inserted one of his fingers into her vagina while he grabbed her shirt and held her in such a manner that she could not escape from him.

40. The aforementioned acts committed against plaintiff SANCHEZ by defendant RAINES were a direct result of the negligence, carelessness and recklessness of defendant UNITED STATES, its agents, servants and employees, in failing to meet its duty of care to plaintiff SANCHEZ in its screening, hiring, training, supervising, evaluating and retaining of defendant RAINES.

41. Solely as a result of the aforementioned recklessness, negligence and carelessness of defendant UNITED STATES OF AMERICA, its agents, servants and

employees, as aforesaid, plaintiff was physically injured, suffered intense mental anguish and distress and was thereby permanently injured.

42. By reason of the aforementioned negligence, carelessness and recklessness of defendant UNITED STATES OF AMERICA, and through no culpable conduct of her own, plaintiff SANCHEZ has been damaged in the amount of One Million ($1,000,000.00) Dollars.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF RIASCOS
### AGAINST DEFENDANTS RAINES and UNITED STATES OF AMERICA
### (Battery)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "42" hereinabove as if more fully set forth at length herein.

44. On or about September 16, 2007, between approximately 9:00 and 10:00 A.M., and on or about October 6, 2007, between approximately 9:00 and 10:00 A.M., in the unit team office located on the second floor of the Metropolitan Detention Center, defendant RAINES offensively touched plaintiff RIASCOS by forcibly raping her.

45. The aforesaid acts committed by defendant RAINES against plaintiff RIASCOS were not reasonable under the circumstances.

46. At the aforementioned time and place, pursuant to 18 U.S.C. § 3050, defendant RAINES was an investigative or law enforcement officer of the UNITED STATES OF AMERICA, as that term is defined by 28 U.S.C. §2680(h).

47. At the aforementioned times and place, defendant RAINES was acting within the scope of his employment and authority as an employee of defendant UNITED STATES OF AMERICA.

48. Solely as a result of the aforementioned batteries committed against her by defendant RAINES, while he was acting within the scope of his employment by defendant UNITED STATES OF AMERICA, plaintiff RIASCOS was physically injured, suffered intense mental anguish and distress and was thereby permanently injured.

49. As a result of the aforementioned batteries committed upon her person by defendant RAINES, while he was acting within the scope of his employment by defendant UNITED STATES OF AMERICA, and through no culpable conduct of her own, plaintiff RIASCOS has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages from defendant RAINES.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SANCHEZ AGAINST DEFENDANTS RAINES and UNITED STATES OF AMERICA
(Battery)

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "49" hereinabove as if more fully set forth at length herein.

51. On several occasions in July of 2007, defendant RAINES offensively touched plaintiff SANCHEZ, when, without her consent, he came to her bed early in the morning and awakened her by touching her breasts.

52. Between August 2007 and October 2007, on three separate occasions, defendant RAINES offensively touched plaintiff SANCHEZ by trapping her in the aforementioned unit team office and, on each occasion, forcibly inserted one of his fingers into her vagina while he grabbed her shirt and held her in such a manner that she could not escape from him.

53. The aforesaid acts committed by defendant RAINES against plaintiff SANCHEZ were not reasonable under the circumstances.

54. At the aforementioned time and place, pursuant to 18 U.S.C. § 3050, defendant RAINES was an investigative or law enforcement officer of the UNITED STATES OF AMERICA, as that term is defined by 28 U.S.C. §2680(h).

55. At the aforementioned times and place, defendant RAINES was acting within the scope of his employment and authority as an employee of defendant UNITED STATES OF AMERICA.

56. Solely as a result of the aforementioned batteries committed against her by defendant RAINES, while he was acting within the scope of his employment by defendant UNITED STATES OF AMERICA, plaintiff SANCHEZ was physically injured, suffered intense mental anguish and distress and was thereby permanently injured.

57. As a result of the aforementioned batteries committed upon her person by defendant RAINES, while he was acting within the scope of his employment by defendant UNITED STATES OF AMERICA, and through no culpable conduct of her own, plaintiff SANCHEZ has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages from defendant RAINES.

WHEREFORE, plaintiffs, CATHERINE RIASCOS-HURTADO and GLADYS SANCHEZ-LOQUI, demand judgment against defendants, THEODORE RAINES and UNITED STATES OF AMERICA, as follows:

FIRST CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars compensatory damages against defendant THEODORE RAINES plus One Million ($1,000,000.00) Dollars as punitive damages;

SECOND CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars compensatory damages against defendant THEODORE RAINES plus One Million ($1,000,000.00) Dollars as punitive damages;

THIRD CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars compensatory damages against defendant UNITED STATES OF AMERICA;

FOURTH CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars compensatory damages against defendant UNITED STATES OF AMERICA;

FIFTH CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars compensatory damages against defendant UNITED STATES OF AMERICA plus One Million ($1,000,000.00) Dollars as punitive damages from defendant RAINES;

SIXTH CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars compensatory damages against defendant UNITED STATES OF AMERICA plus One Million ($1,000,000.00) Dollars as punitive damages from defendant RAINES.

In addition, plaintiffs demand their attorney's fees, insofar as provided by law.

Dated: Kew Gardens, New York
December 29, 2008

*[signature]*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
718-793-6363
File Nos: 2089 and 2089A